**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| RICHARD A. EDWARDS, Pro Se, | : <br> : <br> : Civil Action No.: 4:23-cv-00839 <br> : <br> : <br> : **MEMORANDUM OF LAW IN** <br> : **SUPPORT OF MOTION TO DISMISS** <br> : <br> : <br> : <br> : <br> : <br> : |
| Plaintiff, | |
| -against- | |
| FEDEX GROUND, FEDEX EXPRESS, FEDEX GROUND DRIVERS, and JOHN AND JANE DOES 1 THROUGH 52, | |
| Defendants. | |

## INTRODUCTION

This is the second time Plaintiff Richard Edwards ("Plaintiff") has sued FedEx Ground Package System, Inc. ("FedEx Ground") for alleged stalking, harassment, and improper delivery of packages. In the first case (the "2021 Case"), Plaintiff sued FedEx Ground and its parent company, FedEx Corporation. The Missouri Circuit Court for the 22nd Judicial Circuit dismissed all of Plaintiff's claims in that matter on May 16, 2022. A copy of that court's decision is attached hereto as Exhibit A.

Seeking a second bite at the apple almost two years later, Plaintiff asserts the same claims arising from the same facts against FedEx Ground, as well as its sister operating company Federal Express Corporation ("FedEx Express"). This Court should dismiss these claims as well. Res judicata precludes Plaintiff from refiling claims that were previously adjudicated, where they rely on substantially the same facts as those Edwards previously alleged and which the state court previously dismissed as both preempted and for failing to state a claim. To the extent Plaintiff alleges new facts about tampering with his computer, those allegations are not well pleaded and should also be dismissed.

1

## FACTS

In the 2021 Case, Plaintiff brought claims for harassment, stalking, and negligence arising from alleged improper delivery of packages. *See* 2021 Complaint, attached hereto as Exhibit B. Plaintiff contended that the conduct caused him to suffer severe emotional distress, migraine headaches, and sleep deprivation, among other things. *Id.* Plaintiff further alleged that the defendants in the 2021 Case (including FedEx Ground, FedEx Corporation, and others) interfered with his efforts to obtain legal representation and his efforts to do business (including e-commerce business) with others. Plaintiff pled claims for "Pain and suffering"; Negligence; "Negligence – Missing Packages . . . and Intentional Infliction of Emotional Distress"; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; and claims under Missouri statutory law. *Id.* In the 2021 Case Plaintiff sought damages in excess of five million dollars. *Id.* at ¶ 136.

FedEx Ground and FedEx Corporation moved to dismiss. In granting their motions, the state court first held that any of Plaintiff's claims arising from the transportation of goods were preempted by the Carmack Amendment. (Ex. A, 6). Separately, the court also held that Plaintiff's claims had to be dismissed because Plaintiff had failed to state a claim. (*See Id.*) Despite the state court's prior order and judgment granting the motion to dismiss, Plaintiff repeats and realleges those same facts and claims here, and again seeks in excess of five million dollars in damages. (*See generally* Doc. # 7).

Plaintiff, in fact, opens the 2023 Complaint by referencing "years of harassment's [sic], stalking and deprivation/oppressive conducts," and identifying the 2021 Case. (Doc. #7, ¶¶ 1, 13.) Like the 2021 Case, Plaintiff claims to have suffered damages as a result of stalking, harassment, interference with Plaintiff doing business with others, and interfering with the movement of, damaging, and improperly delivering packages. (*Id.* at ¶ 14.)

The only new allegations are as follows: (1) Plaintiff was harassed, frightened, and humiliated while walking in the streets due to the "setting off [of] multiple car alarm[s]" (*Id.* at ¶¶ 16-17); (2) Defendants gained access to Plaintiff's computer, damaged software, and invented "false credit card decline[s]" (*Id.* at ¶19); and (3) in addition to sleep deprivation, the offending conduct has caused Plaintiff to suffer "frequent dizziness," and that Plaintiff is self-medicating with smelling salts and alcohol (*Id.* at ¶ 21).

The first four counts in the 2023 Complaint allege variations of intentional infliction of emotional distress, just as in the 2021 Case, including for stalking (first cause of action); "interfere with Plaintiff effort to get legal representation and help for mental health suffering" (second cause of action); "deprive of properties" (third cause of action); and stalking and harassment (fourth cause of action). (Doc. # 7, 4-7). Plaintiff also alleges a violation of Missouri state law for computer tampering (Doc. # 7, 7) and a claim for malicious trespass as to Plaintiff's computer (Doc. # 7, 10-11).

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a pleading to state a claim for relief it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must contain facts sufficient to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" when the plaintiff pleads factual content that allows the court to draw the "reasonable inference" that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. And merely providing "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory

3

statements, do[es] not suffice." *Iqbal*, 556 U.S. at 678. While the Court must assume all factual allegations in the complaint are true when considering a Rule 12(b)(6) motion, *Neitzke v. Williams*, 490 U.S. 319, 326-27(1989); *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014), the Court "need not accept as true plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

## ARGUMENT

### A. The state court's decision in the 2021 Case is preclusive.

A court may dismiss an action under Rule 12(b)(6) if the complaint establishes that the plaintiff's claims are precluded. *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-64 (8th Cir. 2012). "[W]hen a plaintiff suffers a dismissal without prejudice and then elects not to plead further, the dismissal amounts to an adjudication on the merits and precludes relitigation of the claim that was dismissed." *Duffner v. City of St. Peters*, 930 F.3d 973, 976 (8th Cir. 2019).

Plaintiff's claims here (particularly the first four causes of action) are barred because they merely repackage the same allegations that the state court previously dismissed as preempted and for failure to state a claim. A comparison of the 2021 state court petition and the complaint Defendants removed establishes that any new or additional allegations that Plaintiff has included either recharacterize previously alleged facts, state or explain legal conclusions, or provide facts irrelevant to the claims. These allegations do not make the complaint materially different from the state court petition from the 2021 Case. Plaintiff's claims here are precluded by the prior dismissal of the claims and allegations in the 2021 Case.

### B. Plaintiff's claims are preempted by the ADA, the FAAAA, and the Carmack Amendment.

Even in the absence of preclusion, Plaintiff's claims are preempted by the Airline Deregulation Act ("ADA"), the Federal Aviation Administration Authorization Act of 1994, 49

U.S.C. §14501(c)(1) ("FAAAA"), and the Carmack Amendment. Pursuant to the ADA and the provisions of 49 U.S.C. § 41713, except in circumstances not relevant here, no state shall "enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier." Furthermore, Plaintiff's claims are preempted by the FAAAA, which preempts all causes of action against carriers of property that "relate to the price, route or service of the carrier of property." 49 U.S.C. §14501(c)(1). The preemption provision expressly provides that "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to price, route, or service of any motor carrier." *Id.* Thus, the ADA and FAAAA explicitly preempt common law causes of action against air carriers like FedEx Express and motor carriers like FedEx Ground when those claims relate to the carrier's prices, routes, or services for the transportation of property.

Finally, Plaintiff's claims are also preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. The Supreme Court has interpreted the Carmack Amendment broadly, holding that "[a]lmost every detail of the subject [interstate common carriers] is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference it." *Express Co. v. Croninger*, 226 U.S. 491(1913). Further, the Eighth Circuit has explicitly stated that, "[t]he cases make it clear that when damages are sought against a common carrier for failure to properly perform, or for negligent performance of, an interstate contract of carriage, the Carmack Amendment governs." *Fulton v. Chicago, Rock Island & P. R. Co.*, 481 F.2d 326, 332 (8th Cir. 1973); *see also Underwriters at Lloyds of London v. North American Van Lines,* 890 F.2d 1112, 1120 (10th Cir. 1989) ("[T]he Carmack Amendment preempts state common law remedies against a carrier for negligent damage to goods shipped under a proper bill of lading."); *see also Tyson Fresh Meats, Inc. v. Palmentere Bros.*, 06-cv-0441-RED, 2006 WL 8438387, at *2 (W.D. Mo. July 26, 2006) (dismissing state law

5

claims of negligence, breach of contract, and bailment as they are preempted by the Carmack Amendment).

Thus, all of Plaintiff's claims that arise from or relate to FedEx Ground and FedEx Express's transportation of Plaintiff's goods (including for misdelivery, non-delivery, or damage to those packages) are therefore preempted.

### C. **Plaintiff's allegations fail under *Iqbal* and *Twombly*.**

Finally, Plaintiff has failed to state a claim upon which relief can be granted because all of Plaintiff's other allegations are implausible and do not demonstrate Plaintiff's entitlement to any relief. Under *Twombly*, a plaintiff must plead "more than labels and conclusions." 550 U.S. at 555. Plaintiffs must provide "[f]actual allegations," which "must be enough to raise a right to relief above the speculative level." *Id.*

Even though a pro se litigant's complaint is entitled to a liberal construction, the minimal pleading requirements of *Iqbal* and *Twombly* must still be satisfied. *E.g., Story v. Foote*, 782 F.3d 968, 969 (8th Cir. 2015) ("To state a claim, . . . [the pro se litigant's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks omitted and citing *Twombly* and *Iqbal*).

A reviewing court should begin by identifying statements in the complaint that are conclusory and therefore not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 679-680. In addition, a court should assume the truth only of "well-pleaded factual allegations," and then may proceed to determine whether the allegations "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Determining whether a complaint states a plausible claim is "a context specific task" that requires the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A claim crosses the threshold of being plausible when the factual allegations do more than merely

create a suspicion of a legally cognizable action and "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Complaints that offer nothing more than labels and conclusions or a formulaic recitation of the elements are not sufficient. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 680-81.

      Plaintiff alleges here, in a conclusory fashion, that Defendants accessed his computer. (Doc. # 7, ¶19). This allegation is not plausible, especially in the absence of any supporting averments in the Complaint that provide any specificity about who accessed Plaintiff's devices, when, the means of doing so, how the scheme was carried out, and how Plaintiff knows such access took place. Plaintiff's "'naked assertions' devoid of 'further factual enhancement'" does not suffice. *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557). Thus, this Court should dismiss Plaintiff's Complaint.

Dated:  July 6th, 2023

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS
505 North 7th Street,   Suite 2100
St. Louis, Missouri 63101
314-621-1133
314-621-4405 – facsimile


By:    /s/ Gregory T. Cook
Gregory T. Cook        #57408  MO
gcook@mvplaw.com
Eric C. Harmon         #73739  MO
eharmon@mvplaw.com
***Attorney for Defendants FedEx Ground Package System, Inc., and Federal Express Corporation***

## **CERTIFICATE OF SERVICE**

        The undersigned hereby certifies that the foregoing was filed through the CM/ECF system of this Court and a true and correct copy of the foregoing was sent via U.S. Mail this 6th day of July, 2023 to:

Richard Edwards
5058 Winona Ave, A
St. Louis, Missouri 63109
***Plaintiff, Pro Se***

                                                /s/ Gregory T. Cook