# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| RICHARD A. EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-cv-00839-MTS |
| ) | |
| FEDEX GROUND, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pro se Plaintiff Richard A. Edwards initiated an action in the Circuit Court of St. Louis City against "FedEx Ground," "FedEx Express," "FedEx Ground Drivers," and "John and Jane Does 1 through 52." Doc. [6]. Defendants Federal Express Corporation and FedEx Ground Package System, Inc. removed the action to this Court. *See* 28 U.S.C. § 1441. These Defendants asserted that this Court has original jurisdiction over this action because it involves a federal question, see 28 U.S.C. § 1331,[1] and also because there exists complete diversity among the named parties and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a)(1). Satisfied of its subject matter jurisdiction,[2] the Court now looks to Defendant Federal Express Corporation and FedEx Ground Package System, Inc.'s Motion to Dismiss, Doc. [9], which seeks to Dismiss Plaintiff's action in its entirety for failure to state a claim upon which relief can be granted. Because the Court agrees, it will grant Defendants' Motion and dismiss this action.

### I.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Under Federal Rule of Civil Procedure

---

[1] Defendants state that the federal question arises under the Carmack Amendment to the Interstate Commerce Act. *See* Doc. [1] ¶ 8 (citing 49 U.S.C. § 14706).
[2] For this reason, the Court will deny Plaintiff's Motion to Remand, which, after full review and consideration, raises no meritorious arguments.

12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to test the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the Court assumes a complaint's factual allegations are true and makes all reasonable inferences in favor of the nonmoving party, but the Court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). To survive a motion to dismiss, the complaint must allege facts supporting each element of the plaintiff's claims, and the claims cannot rest on mere speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint "must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" and instead must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility of a complaint turns on whether the facts alleged allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In this action, Plaintiff is proceeding pro se. The Supreme Court has explained that a document filed pro se is "to be liberally construed," and, specifically, it has explained that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). The Court of Appeals for the Eighth Circuit has explained that giving a complaint "liberal construction" means "that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). While the practice to construe pro se pleadings liberally is a longstanding one within the Eighth Circuit, courts must be careful not to "cross the permissible boundary" to reach claims that a complaint "cannot reasonably be construed" to raise. *See Bracken v. Dormire*, 247 F.3d 699, 702–03 (8th Cir. 2001); *accord Stone*, 364 F.3d at 914 (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (explaining that even for a pro se plaintiff, the court "will not supply additional facts" nor "construct a legal theory for plaintiff that assumes facts that have not been pleaded")); *see also Davis v. Smith*, 638 F.2d 66, 69 (8th Cir. 1981) (Henley, J., dissenting) (opining that while courts should construe pro se pleadings "liberally in an effort to achieve substantial justice," courts "should not expand the case beyond fair articulation of [a litigant's] claim").

## II.      DISCUSSION

Plaintiff called his Complaint "Plaintiff Complaint For Endured Years of Harassment, Stalking and Oppressive Conducts, Resulting Mental suffering, Humiliation and incredible Financial Hardship." Doc. [7]. In it, he claims that from about 2015 into the present, within the City of St. Louis and elsewhere, Defendants used "sophisticated means" to "Stalk and Harass" him, "deprive [him] of his Civil right, retarded the movement of packages Via the Post Office, UPS and FedEx Ground, intentionally damage[d] packages," and "deliver[ed] packages in a Manor to inflic[t] emotional stress on [him]." *Id.* ¶ 14. Plaintiff then goes on to list several

counts or "Cause[s] of Action."  While his paragraphs are chronologically numbered and uninterrupted, his list of counts are not and at times are duplicative.[3]  In any event, he classifies his allegations into three torts under Missouri law—or at least three descriptions sounding in tort under Missouri law: "Intentional Infliction of Emotional Distress, "Violation of Missouri Tampering with a Computer User Law," and "Violation of Missouri Prohibition Against malicious Trespass to Personalty."

The Court carefully has reviewed Plaintiff's Complaint in full and has found it devoid of factual allegations that would state any claim.  Almost all of Plaintiff's allegations are conclusory or outright legal conclusions.  As to his intentional infliction of emotional distress claims, he repeatedly alleges that Defendants' employees harass him, frighten him, humiliate him, and cause him emotional distress, but he never alleges how or what they allegedly do or did. *See, e.g.*, *id.* ¶¶ 16, 17, 18, 44, 50.  Never does he provide even one specific example or instance.  Plaintiff fails to state a claim to relief that is plausible on its face for intentional infliction of emotional distress under Missouri law. *See Diehl v. Fred Weber, Inc.*, 309 S.W.3d 309, 321 (Mo. Ct. App. 2010) (listing elements of claim for intentional infliction of emotional distress under Missouri law).

Plaintiff's computer tampering claims fair no better.  He alleges that Defendants "denied Plaintiff access to his computer," would "[l]ogon to Plaintiff['s] computer," and "impair [his] ability to use his Computer."  Doc. [7] ¶¶ 66–67.  He, again, provides no facts whatsoever on

---

[3] Plaintiff labels them as follows: First Cause of Action – Intentional Infliction of Emotional Distress; Second Cause of Action – Intentional Infliction of Emotional Distress; Third Cause of Action – Intentional Infliction of Emotional Distress; Forth [sic] Cause of Action – Intentional Infliction of Emotional Distress; Sixth Cause of Action – Violation of Missouri Tampering with a Computer User Law; Seventh Cause of Action – not specified; Second Cause of Action – Intentional Infliction of Emotional Distress; Third Cause of Action – Intentional Infliction of Emotional Distress; Forth [sic] Cause of Action – Intentional Infliction of Emotional Distress; Sixth Cause of Action – Violation of Missouri Tampering with a Computer User Law; Seventh Cause of Action – Violation of Missouri Prohibition Against malicious Trespass to Personalty.

these alleged actions. He fails to state a claim to relief that is plausible on its face for tampering with computer data under Missouri law. *See* Mo. Rev. Stat. § 537.525.

Lastly, his claim for malicious trespass to personalty fails for the same reason. He provides unadorned conclusions without any supporting facts. *See, e.g.*, Doc. [7] ¶ 76 (alleging Defendants "Trespass on to Plaintiff['s] computer"); *id.* ¶ 7 (alleging Defendants "impair[ed] plaintiff['s] ability to use [h]is Computer"). Plaintiff has failed to state a claim to relief that is plausible on its face for malicious trespass. *See* Mo. Rev. Stat. § 537.330; *see also Weicht v. Suburban Newspapers of Greater St. Louis, Inc.*, 32 S.W.3d 592, 600 (Mo. Ct. App. 2000).

### III.  CONCLUSION

At times, it may be a fine line a district court must walk to construe pro se pleadings liberally, holding them to less stringent standards than formal pleadings drafted by lawyers, while maintaining the *Twombly*/*Iqbal* pleading regime. Close cases inevitably will arise. This case, as pleaded, is not a close one. Even construing his Complaint liberally, Plaintiff has provided no facts to support his conclusory assertions and allegations. His "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).[4]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Richard A. Edwards's Motion to Remand, Doc. [16], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Richard A. Edwards's Motions for Reconsideration, Docs. [15] & [18], are **DENIED**.

---

[4] Plaintiff previously moved this Court to grant him leave to amend his Complaint, which the Court denied. Since then, he twice has moved for reconsideration of that denial. Because his proposed amendment now seeks only to correct the corporate name of a defendant, the Court will deny his Motions for Reconsideration because amendment would be futile.

**IT IS FURTHER ORDERED** that Defendants Federal Express Corporation and FedEx Ground Package System, Inc.'s Motion to Dismiss, Doc. [9], is **GRANTED**, and a separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FINALLY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

Dated this 9th day of August 2023.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　MATTHEW T. SCHELP
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE